6 N.J. Super. 115 (1950)
70 A.2d 186
FANETTE R. MEYERS AND CORN EXCHANGE NATIONAL BANK AND TRUST COMPANY, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF JOSEPH RIEDER, DECEASED, APPELLANTS,
v.
WALTER T. MARGETTS, JR., TREASURER, ACTING AS DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF TREASUURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1949.
Decided January 6, 1950.
*116 Before Judges McGEEHAN. COLIE and EASTWOOD.
Mr. Warren C. Douglas argued the cause for appellants (Messrs. Starr, Summerill & Davis, attorneys).
Mr. William A. Moore argued the cause for respondent (Mr. Theodore D. Parsons, Attorney General, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The Director of the Division of Taxation assessed a tax of $340.80 on the transfer of certain real estate in Burlington County which he valued at $12,000, and the executors appeal. The executors seek to have the valuation of $12,000 set aside and the valuation fixed at $3,350, with a corresponding reduction in tax.
The decedent died February 14, 1948, seized of a parcel of real estate consisting of 26.2 acres located in Cinnaminson Township, Burlington County, with a two and one-half story dwelling, a three-car garage, and a barn located thereon. On August 21, 1948, the Burlington County District Supervisor of the Transfer Inheritance Tax Bureau, an appraiser for the Bureau, appointed pursuant to R.S. 54:33-9, appraised the property at $12,000. Following a protest from the executors, *117 he rechecked the appraisal, reported that the original appraisal of $12,000 was fair and just, and called attention to the fact that the executors had not submitted any appraisals by reputable brokers indicating that the market value should be placed at a lower figure. The executors then submitted an appraisal report made by Walter D. Lamon, Jr., which appraised the property at $3,350. The District Supervisor, after giving full consideration to the appraisal report of Lamon, reaffirmed his original appraisal of $12,000. There was no dispute about the qualifications of either the District Supervisor or of Lamon as an expert. Both appraisers personally examined the property and both took into consideration the fact that the property had been assessed for real property taxes by the Township at $7,000 for each year from 1937 to 1948, inclusive. The appraisers did not differ as to the physical condition of the property, the character of the immediate neighborhood, or the fact that real property assessments for similar property in Burlington County represent approximately fifty per cent. of actual market value. The Director assessed the tax on a $12,000 valuation of the property.
R.S. 54:34-5 provides that "Taxes imposed * * * shall be computed upon the clear market value of the property transferred."
The appellants contend that the testimony of the District Supervisor as to value should be rejected, because in arriving at his appraisal of $12,000 he depended "only upon a conversation with a reputable real estate broker and with the local tax collector" and placed "great emphasis on the fact that the assessed value was not questioned." The record is to the contrary. It shows that the District Supervisor in his appraisal took into consideration not only the appraisal report of appellants' expert, but also the physical condition of the premises as revealed by a personal inspection, the location of the property, the character of the immediate neighborhood, and the fitness of the premises for their present and future potential use. It is true that the Supervisor, in a letter to the Bureau in connection with this appraisal, stated *118 that he had questioned a reputable real estate broker in Palmyra, New Jersey, and discussed the matter with the tax assessor for the municipality in which the property is located. We consider it a healthy practice for the District Supervisor, when appraising real property, to discuss the matter with real estate experts and the tax assessor of the municipality. There is nothing in the record to suggest that the Supervisor was actuated by any improper motive, that he failed to use proper standards of value, or that his valuation was not the result of his independent judgment.
The next contention of the appellants is that the Director erred in not giving greater weight to the appraisal of their expert than to the appraisal of the District Supervisor. The argument advanced is that since the Director occupies, in these cases, a position which requires him both to initiate and prosecute the tax proceeding, as well as sit in judgment thereon, and the District Supervisor is his agent, the Director must give less weight to the testimony of "his own witness" than he gives to the testimony of appellants' expert. The District Supervisor, appointed pursuant to R.S. 54:33-9, is the person duly constituted by law to make the appraisal for the State. His qualifications as an expert are not questioned, and his testimony is entitled, at least, to the same weight as the testimony of any other expert.
Our conclusion is that there is no justification for disturbing the finding of the Director as to the clear market value of the property transferred. The assessment is affirmed.